**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **M.C. by her parents, THOMAS CHIBNALL and REBECCA CHIBNALL,** | ) | |
| **Plaintiffs,** | ) | **Case No. 4:25-CV-95-JSD** |
| **vs.** | ) | **(Consolidated with Case No. 4:25-cv-01482-SRC)** |
| **SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY and WEBSTER GROVES SCHOOL DISTRICT,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Before this Court are competing Motions for Judgment on the Administrative Record, in which Special School District of St. Louis County ("SSD") and Webster Groves School District ("WGSD"), collectively "Defendants" or "Districts," and M.C. ("Student"), by her parents, Thomas and Rebecca Chibnall ("Parents"), collectively "Plaintiffs," assert that they are entitled to judgment on Count I of Plaintiffs' complaint. (ECF Nos. 246, 250.) The motions have been fully briefed and are ready for disposition.[1] For the following reasons, this Court grants Defendants' motion and denies Plaintiffs' motion.

**BACKGROUND[2]**

On September 19, 2024, while Student was enrolled at WGSD, Plaintiffs filed a due process complaint alleging that Defendants violated the Individuals with Disabilities Education

[1] The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 179.)

[2] The following facts are undisputed, as demonstrated by the parties' respective statements of facts (ECF Nos. 248, 252, 257, 259), and are cited as provided in the administrative record (ECF No. 245).

Act ("IDEA") by failing to evaluate and find Student eligible for special education in May 2024 ("Chibnall I"). (LF 144.)[3] A Commissioner of the Administrative Hearing Commission ("AHC") conducted a hearing on the Chibnall I due process complaint in October and November of 2024. (*Id.*) On October 17, 2024, while Chibnall I was pending before the AHC, Plaintiffs provided Defendants with a ten-day notice of their intent to unilaterally place Student at Churchill, a private school, and seek reimbursement. (LF 61, 144.) However, as Churchill did not have an opening in Student's grade level at that time, Student continued to be enrolled at WGSD. (LF 144.)

On November 4, 2024, Plaintiffs requested Defendants conduct another evaluation of Student. (*Id.*) On November 22, 2024, Defendants agreed to and initiated another evaluation of Student. (*Id.*) On December 11, 2024, Plaintiffs consented to additional testing. (LF 145.) Also on December 11, 2024, the AHC issued its decision in Chibnall I, finding that Defendants did not violate the IDEA as alleged by Plaintiffs. (*Id.*) Later in December, WGSD agreed to implement accommodations pursuant to Section 504 of the Rehabilitation Act. (*Id.*) On January 24, 2025, Plaintiffs appealed Chibnall I to this Court in Case No. 4:25-cv-95. (*Id.*; ECF Nos. 1, 199.)[4]

On January 31, 2025, Plaintiffs disenrolled Student from WGSD and enrolled her at Churchill. (LF 145.) On March 3, 2025, Defendants concluded the evaluation of Student and determined that she was not eligible for services under the IDEA. (ECF No. 1 at 9, No. 4:25-cv-1482.) On June 11, 2025, Plaintiffs filed a second due process complaint against Defendants ("Chibnall II"). (LF 1-2.) On July 17, 2025, Plaintiffs filed an amended second due process complaint against Defendants in Chibnall II, stating that their "claims date back to September 20, 2024, the day after the filing of the last petition, with continuing violations through the present,"

---

[3] LF refers to the Legal File located in ECF No. 245.

[4] All citations are to the docket for No. 4:25-cv-95 unless otherwise stated.

and that they "are not seeking to relitigate the same issues as those addressed in the previous hearing." (LF 65, 143.) For relief, Plaintiffs sought, among other things, a finding that Defendants failed to provide Student with a free appropriate public education ("FAPE"), reimbursement for private tutoring and education, and compensatory education for Student. (LF 77-78.)

On August 19, 2025, the AHC issued an Order dismissing Chibnall II without hearing. The AHC reasoned that, because Plaintiffs "did not file their current due process complaint prior to removing Student from WGSD and SSD, [they] may not seek reimbursement for the private school tuition they paid or will pay as a result of the January 2025 disenrollment," citing *Thompson ex rel. Buckhanon v. Bd. of Special Sch. Dist. No. 1*, 144 F.3d 574, 579 (8th Cir. 1998), *overruled on other grounds by A.J.T. by and through A.T. v. Osseo Area Sch., Indep. Sch. Dist. No. 279*, 605 U.S. 335 (2025). (LF 155.) On October 2, 2025, Plaintiffs appealed Chibnall II to this Court in Case No. 4:25-cv-1482-SRC. (ECF No. 1, No. 4:25-cv-1482.) Count I of Chibnall II relates to Plaintiffs' appeal of the AHC Order dismissing the Chibnall II due process complaint, while Counts II through V allege disability discrimination claims against Defendants. (*Id.*) Under Count I, Plaintiffs "pray for an order of compensatory education, an Independent Educational Evaluation, reimbursement, costs, and expenses." (*Id.* ¶ 105.)

On November 18, 2025, this Court consolidated Chibnall I and II under a single cause number. (ECF No. 218.) On January 5, 2026, Defendants filed a Motion to Dismiss Counts II-V of Chibnall II. (ECF No. 223.) This Court subsequently bifurcated Counts I from II-V in Chibnall I and II, stayed the Motion to Dismiss and Counts II-V in both cases, and ordered the parties to file dispositive motions on Count I of Chibnall II. (ECF Nos. 237, 239.) On June 22, 2026, Defendants filed the instant Motion for Judgment on the Administrative Record, or, in the Alternative, for Summary Judgment on Count I of Plaintiffs' Complaint. (ECF No. 246.) The same

day, Plaintiffs filed the instant Motion for Judgment on the Administrative Record. (ECF No. 250.) Defendants argue that the AHC properly applied *Thompson*, and request that this Court find that Plaintiffs are barred from prosecuting Chibnall II to seek reimbursement of tuition for their unilateral placement of Student at Churchill School.[5] (ECF No. 246.) Plaintiffs request that this Court reverse the AHC's decision dismissing Count I, arguing that the AHC improperly applied *Thompson* in dismissing their IDEA claim. (ECF No. 250.)

## LEGAL STANDARDS

### I. The IDEA

"The IDEA seeks to ensure that all disabled children receive a [FAPE] designed to meet their needs." *C.N. v. Willmar Pub. Sch.*, 591 F.3d 624, 630 (8th Cir. 2010) (citing 20 U.S.C. § 1400(d)(1)(A)). "The IDEA also provides certain 'procedural safeguards to permit parental involvement in all matters concerning the child's educational program and [to allow] parents to obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate.'" *C.N.*, 591 F.3d at 630 (quoting *M.P. v. Indep. Sch. Dist. No. 721*, 326 F.3d 975, 979 (8th Cir. 2003)). "Thus, a parent who is dissatisfied with certain aspects of a child's special education may request an administrative due process hearing to resolve the matter." *C.N.*, 591 F.3d at 630 (citing *M.P.*, 326 F.3d at 979-80; 20 U.S.C. §§ 1415(b)(6), (f) & (i)(2)(A)).

### II. Standard of Review

The IDEA permits aggrieved parties to seek review of an administrative decision by bringing a civil action in federal court. *Blackmon ex rel. Blackmon v. Springfield R- XII Sch. Dist.*, 198 F.3d 648, 654 (8th Cir. 1999) (citing 20 U.S.C. § 1415(i)(2)(A)). In a motion for judgment on

[5] To the extent that Defendants' motion seeks a ruling on matters outside of Count I of Chibnall II, such matters are not properly before this Court at this time.

the record brought pursuant to the IDEA, a district court must review the state administrative record, hear additional evidence if requested, and grant such relief as it deems appropriate based on the preponderance of the evidence. *K.E. ex rel. K.E. v. Indep. Sch. Dist. No. 15*, 647 F.3d 795, 803 (8th Cir. 2011) (citing 20 U.S.C. § 1415(i)(2)(C)). A court reviews *de novo* whether a school district provided a child with a FAPE. *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 948 (8th Cir. 2019). At the same time, the reviewing court must give "due weight" to the results of the administrative proceeding. *Id.* The party challenging the outcome of the state administrative hearings has the burden of proof. *E.S. v. Indep. Sch. Dist., No. 196 Rosemount-Apple Valley*, 135 F.3d 566, 569 (8th Cir. 1998).

Summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Becker v. City of Hillsboro*, 125 F.4th 844, 851 (8th Cir. 2025). The Court "view[s] the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party." *Becker*, 125 F.4th at 851 (citation omitted).

## III. *Thompson*

In *Thompson*, the Eighth Circuit held that a Minnesota student failed to state a cause of action against the school district under the IDEA because the student did not request a due process hearing until *after* leaving the school district to attend a charter school. *Thompson*, 144 F.3d at 578-79. The Court reasoned that, "[i]f a student changes school districts and does not request a due process hearing, his or her right to challenge prior educational services is not preserved." *Id.* at 579. The Court further reasoned that, "[s]ubsequent challenges to the student's previous education become moot because the new school district is responsible for providing a due process hearing." *Id.* The Court also explained that the "need to preserve the right to challenge [the

student's] prior educational service is not simply a procedural barrier"; rather, "[t]he purpose of requesting a due process hearing is to challenge an aspect of a child's education and to put the school district on notice of a perceived problem. Once the school district receives notice, it has the opportunity to address the alleged problem." *Id.* Finally, the Court held that, "[r]ecovering tuition or costs is a remedy only if the [FAPE] guarantee has been violated, exhaustive administrative remedies have been tried before placement, and the school has been notified." *Id.* (quotation omitted).

Since the decision in *Thompson*, the Eighth Circuit has consistently held that a student forfeits the right to challenge prior educational services when the student leaves the school district before requesting a due process hearing. *See, e.g.*, *C.N.*, 591 F.3d at 630-31 (holding claim failed because it was filed after student left the school district that allegedly denied FAPE); *M.P. ex rel. KP. v. Indep. Sch. Dist. No. 721*, 326 F.3d 975, 980 (8th Cir. 2003) (holding claim failed because parents did not "exhaust [their] administrative remedies by requesting a due process hearing while [student] was still enrolled in that school district."); *see also D.L. v. St. Louis City Sch. Dist.*, 950 F.3d 1057, 1063 (8th Cir. 2020) ("The right to challenge prior educational services is forfeited when a student changes school districts prior to requesting a due process hearing.").

**DISCUSSION**

The sole, purely legal, issue before this Court is whether Plaintiffs fail to properly state a cause of action under the IDEA due to their disenrollment of Student from WGSD before filing their due process complaint in Chibnall II. Relying on *Thompson*, Defendants argue that, because Plaintiffs did not give them an opportunity to address Plaintiffs' alleged concerns with the evaluation at issue in Chibnall II prior to withdrawing Student from the district and placing her at Churchill, Plaintiffs failed to preserve their claim in Count I of Chibnall II. (ECF No. 247.)

Plaintiffs argue as follows: (1) *Thompson* does not apply to cases involving the complete denial of eligibility or public-to-private school transfers; (2) if *Thompson* applies, it was satisfied by the proceedings in Chibnall I, the October letter informing Defendants of Plaintiffs' intent to transfer Student to private school, and the Districts' conduct regarding the allegations supporting Chibnall II; (3) the Court should apply an equitable exception; and (4) *Thompson* is poorly reasoned and should not be followed. (ECF No. 251.) For the following reasons, this Court finds that Count I of Chibnall II should be dismissed.

*Thompson* applies to the facts here, and Plaintiffs fail to demonstrate otherwise. Plaintiffs requested a due process hearing in Chibnall II in June 2025, several months after Parents had disenrolled Student from WGSD in January 2025. *See Thompson*, 144 F.3d at 579. Not only was Student withdrawn prior to the filing of Plaintiffs' due process complaint, but she was also withdrawn prior to the completion of the timeline for initial evaluations under the IDEA, *see* 34 C.F.R. § 300.301(c), and prior to the March 2025 eligibility determination that Plaintiffs subsequently contested in Chibnall II. To be sure, Plaintiffs failed to present their dispute underlying Chibnall II to WGSD through the due process procedure while Defendants remained responsible for Student's FAPE. As a result, WGSD was denied notice of, and the opportunity to address, the Chibnall II claims before Student was withdrawn from the school district. Thus, under *Thompson*, Student forfeited her right to challenge her prior education when she was withdrawn from WGSD before requesting a due process hearing in Chibnall II. *See Thompson*, 144 F.3d at 579; *D.L.*, 950 F.3d at 1063; *see also I.E.C. v. Minneapolis Pub. Sch., Special Sch. Dist. No. 1*, 34 F.Supp.3d 1006, 1016 (D. Minn. 2014) (finding that, "[t]he Court is bound by *Thompson*; its holding is straightforward and it squarely applies to the present case[,]" where the student was withdrawn from the district before requesting a due process hearing).

Plaintiffs argue that *Thompson* is inapplicable because it "bars a student's right to 'challenge prior educational services,'" but it does not bar the right to challenge an eligibility determination. (ECF No. 251 at 9.) They suggest that applying *Thompson* to this case, where Student challenged the determination that she was not qualified to receive special educational services, is an unsupported extension of *Thompson* because its rule "gives a district notice and an opportunity to address a problem with the services it was providing." (*Id.* at 9-10.)

The Court is not persuaded that a challenge to an eligibility determination for education services falls outside of the holding and reasoning provided in *Thompson*. The full quote from *Thompson* cited by Plaintiffs states, "IDEA provides a mechanism for challenging the education a student has been provided within a school district. If a student changes school districts and does not request a due process hearing, his or her right to challenge prior educational services is not preserved." *Thompson*, 144 F.3d at 579. While the Court referenced "prior educational services," the Court's rationale applies to any dispute arising pursuant to the IDEA's mechanism, i.e., a due a process hearing to address a parent's complaints "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." *Id.* at 578 (quoting 20 U.S.C. § 1415(b)(1)(E)). Although Plaintiffs argue they are not challenging Student's previous education, in order to obtain tuition reimbursement for a unilateral private school placement, they must be able to establish that Student was eligible for services under the IDEA at her former school and that Defendants were not providing Student with a FAPE. *See* 34 C.F.R § 300.148(c) (setting forth the standard by which a parent of a disabled child can demonstrate entitlement to reimbursement for a private placement). Thus, regardless of whether a student's IDEA challenge is premised on the sufficiency of educational services or the lack of educational services due to an eligibility determination, to preserve an IDEA claim under

*Thompson*, a parent must request a due process hearing before the student leaves the school district. *See A.H. by and through D'Avis v. Independence Sch. Dist.*, 466 S.W.3d 17, 19-20, 25 (Mo. App. W.D. 2015) (applying *Thompson* to bar IDEA claim challenging eligibility determination).[6]

Plaintiffs also argue that *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230 (2009) supports their reasoning. This Court disagrees. In *Forest Grove*, the Supreme Court rejected a statutory interpretation that categorically barred private school reimbursement to parents whose children had never received IDEA services through the public school. *Id.* at 233, 247. *Forrest Grove* did not address whether a parent must file a due process complaint before withdrawing in order to preserve an IDEA challenge. *See Doe v. Key*, No. 4:20-cv-01233 KGB, 2023 WL 2759865, at *6-7 (E.D. Ark. March 31, 2023) (rejecting argument that *Forest Grove* limited *Thompson*); *A.H.*, 466 S.W.3d at 24-25 (same; reasoning that under *Forest Grove*, claim for reimbursement must still be preserved by timely filing of complaint).

Plaintiffs next argue that *Thompson* does not apply to the facts here, because its holding rests on the premise that "subsequent challenges to the student's previous education become moot because the new school district is responsible for providing a due process hearing," *Thompson*, 144 F.3d at 579, and Student transferred to a private school without IDEA obligations. (ECF No. 251 at 15-16.) This argument is not persuasive. *Thompson* rests on the related principles of claim preservation, notice of the specific alleged IDEA violation, and an opportunity to resolve that dispute while the district remains responsible for providing the student's education. *Thompson*, 144 F.3d at 579. These principles apply when a student is withdrawn from the district before requesting a due process hearing, regardless of whether the student transfers to another public

[6] Although this is a state case, it is persuasive under the facts here and explicitly follows Eighth Circuit precedent. *See A.H.*, 466 S.W.3d at 23.

school district or to a private school. Moreover, courts within the Eighth Circuit and Missouri have applied *Thompson* to bar claims where students failed to request a due process hearing before transferring from public to private school. *See I.E.C.*, 34 F.Supp.3d at 1010, 1015-16 (applying *Thompson* to bar IDEA claim filed while student was disenrolled from school district and enrolled in private school); *Doe*, 2023 WL 2759865, at *5-6 (dismissing IDEA claim under *Thompson* where parent withdrew student from school district and enrolled student in private school before requesting a due process hearing); *A.H.*, 466 S.W.3d at 19, 21 (finding *Thompson* barred IDEA claim where due process complaint was filed after student was withdrawn from the district and enrolled in private school).

Plaintiffs contend that even if *Thompson* applies, it was satisfied by the proceedings in Chibnall I, the October letter informing Defendants of Plaintiffs' intent to transfer Student to private school, and the re-evaluation and eligibility denial underlying Chibnall II. (ECF No. 251 at 10-14, 16-20.) This Court disagrees.

The request and proceedings in Chibnall I fail to satisfy *Thompson* because they did not provide Defendants with proper notice of the perceived problem or an opportunity to address the perceived problem as specifically raised in Chibnall II. The substantive issues in Chibnall I are limited to whether Defendants failed to comport with the IDEA up to September 19, 2024, while the substantive issues in Chibnall II are limited to whether Defendants failed to comport with the IDEA with regard to Student from September 20, 2024, to June 11, 2025. Indeed, in their amended due process hearing request in Chibnall II, Plaintiffs specified that they were not seeking to relitigate the same issues as those addressed in Chibnall I. Moreover, the September 2024 Chibnall I due process complaint could not provide notice of, or an opportunity to address, the deficiencies alleged in Chibnall II because those events had not yet occurred. Thus, the proceedings in Chibnall

I did not provide adequate notice and opportunity for Defendants to address the issue alleged in Chibnall II, and the due process complaint filed in Chibnall I did not preserve Chibnall II.[7]

The October letter informing Defendants of Parents' intent to transfer Student to private school and seek reimbursement also failed to provide Defendants notice or opportunity as contemplated by *Thompson*.[8] *Thompson* requires notice of, and an opportunity to address, the perceived problem with a student's education, not notice of withdrawal from the district. *Thompson*, 144 F.3d at 579. Even if a letter of intent to withdraw could provide notice under *Thompson*,[9] it did not provide notice or an opportunity here, as the evaluation, testing, and eligibility determination at issue in Chibnall II did not take place until after the October letter. Moreover, the evaluation, testing, and eligibility determination themselves also did not satisfy *Thompson's* notice and opportunity rationale, as Parents withdrew Student from WGSD prior to the completion of the timeline for initial evaluations and prior to the eligibility determination.

Overall, through these arguments, Plaintiffs essentially ask this Court to find that their history of disputes provided Defendants with the notice and opportunity contemplated by

---

[7] Plaintiffs cite *C.W. v. Greenbrier Sch. Dist.*, to support their argument. *C.W.*, No. 4:21-CV-00987-BRW, 2023 U.S. Dist. LEXIS 66955 (E.D. Ark. Jan. 5, 2023) (finding earlier due process hearing satisfied *Thompson's* notice requirement for second due process complaint seeking tuition reimbursement). The Court finds *C.W.* unpersuasive here, as its facts are distinguishable and its analysis lacks legal support.

[8] The AHC found that the letter did not provide notice, in part, because it "expired" after ten days. (LF 151-52.) Plaintiffs challenge this finding as unsupported by law. (ECF No. 251 at 16-20.) However, the Court need not address whether the notice "expired" because the letter unequivocally failed to provide notice of, or an opportunity to address, the perceived problems in Chibnall II as contemplated by *Thompson*.

[9] *See C.N.*, 591 F.3d at 631 n.6 (rejecting argument that document other than due process hearing request could provide the district adequate notice of student's claim or satisfy *Thompson* (citing *Weber v. Cranston Sch. Comm.*, 212 F.3d 41, 53 (1st Cir. 2000) ("The case law confirms that state and federal complaint procedures other than the IDEA due process hearing do not suffice for exhaustion purposes."))).

*Thompson*. However, *Thompson* makes clear that the relevant question is not whether Defendants had some notice, but whether the claims asserted in Chibnall II were preserved through the IDEA's due process procedures while Defendants remained responsible for providing Student with an education. Moreover, Courts following the *Thompson* rule have "found lack of notice when no formal due process complaint was filed, even though the district was aware that the parent/guardian was dissatisfied with the education provided." *A.H.*, 466 S.W.3d 17, 29 n.7 (citing *M.P.*, 326 F.3d at 977-81; *C.N.*, 591 F.3d at 627-32).

Plaintiffs further argue that, even if *Thompson* was not satisfied, the Court should find that an equitable exception applies, citing the concurrence in *C.N.*, 591 F.3d at 637 (Colloton, J., concurring) (discussing equitable exception to *Thompson*). (ECF No. 251 at 20-25.) To support this argument, they contend that they did not knowingly waive or relinquish their right to a due process hearing in Chibnall II because the Notice of Procedural Safeguards provided to Parents and the Missouri State Plan did not advise them of the *Thompson* rule. (*Id.*) Nevertheless, this Court is not persuaded that an equitable exception applies here.

Contrary to Plaintiffs' argument, *Thompson* and its progeny do not contemplate a knowing waiver of rights. Rather, these cases express that the failure to request a due process hearing before withdrawing a student from the district results in a lack of preservation or forfeiture. *See Reinard v. Crown Equip. Corp.*, 983 F.3d 1064, 1066 (8th Cir. 2020) ("As the Supreme Court has explained, forfeiture is the 'failure to make the timely assertion of a right,' whereas waiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting *Hamer v. Neighborhood Hous. Serv. of Chi.*, 583 U.S. 17, 20 n.1) (2017))).

Next, even if the *Thompson* rule is not specifically expressed in the Notice of Procedural Safeguards or State Plan, the lack of an express warning does not compel this Court to conclude

that Plaintiffs should retain their right to file a due process claim against Defendants after Student had disenrolled. Plaintiffs had notice of the IDEA's procedural framework, including the need to file a request for a due process hearing to commence an IDEA claim based on an eligibility determination, as evidenced by their ability to do so in Chibnall I. *See Thompson*, 144 F.3d at 579, n.2 (finding parent had sufficient notice and opportunity to request due process hearing before withdrawing student from district where parent consented to reassessment and the record showed parent was informed of her right to request due process hearing). Indeed, the administrative record shows that Plaintiffs were aware of the complaint process under IDEA as early as September 19, 2024.[10] *See A.H.*, 466 S.W.3d at 26, n.11 (noting parent was aware of due process complaint process well before withdrawing student from the district). Plaintiffs also fail to demonstrate that the facts here support the application of the equitable exception discussed in the concurrence in *C.N.*, 591 F.3d at 637 (Colloton, J., concurring) (recognizing equitable exception based on showing that "continued enrollment in the school district likely would result in physical harm or serious emotional harm to the student."). For all of these reasons, this Court declines to apply an equitable exception here.

Finally, Plaintiffs argue that this Court should decline to follow *Thompson*, as it is poorly reasoned and has been rejected by the majority of courts and United States Office of Special Education Programs ("OSEP"). (ECF No. 251 at 25-30.) This Court is not persuaded by Plaintiffs' arguments. In *I.E.C.*, the plaintiffs argued that *Thompson* did not comport with the purpose of the IDEA. 34 F.Supp.3d at 1016-17. The Court rejected the argument, explaining that it was bound by *Thompson's* straightforward holding. Similarly, the concurrence in *C.N.* rejected the plaintiff's

---

[10] In their Reply, Plaintiffs argue that the AHC in Missouri "regularly applies *Thompson* to dismiss [IDEA] complaints," (ECF No. 261 at 14-15, 17-71), further demonstrating the consistency of *Thompson's* application within the state.

argument that *Thompson* should be abandoned. 591 F.3d at 637 (Colloton, J., concurring). Furthermore, the Eighth Circuit has consistently followed *Thompson* since it was decided in 1998. *See, e.g.*, *C.N.*, 591 F.3d at 630-31; *M.P.*, 326 F.3d at 980; *see also D.L.*, 950 F.3d at 1063.

Plaintiffs cite several out-of-circuit cases, as well as *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386 (2017). None of these cases limit *Thompson*. The background facts of *Endrew*, like the facts here, involved a student withdrawn from public school and unilaterally enrolled in a private school by his parents before the filing of a due process complaint. *Id.* at 395-96. However, the Supreme Court in *Endrew* did not address the issues surrounding the *Thompson* rule. Rather, the Court addressed the substantive standard for determining whether an individual education plan satisfies the IDEA's requirement to provide a FAPE. *Id.* at 397, 402-04. *See Sanzone v. Mercy Health*, 954 F.3d 1031, 1039 (8th Cir. 2020) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925))). Thus, the Court is bound by *Thompson*.

For all of these reasons, review of the administrative record in this matter demonstrates that judgment in favor of Defendants on Count I of the Complaint in Chibnall II is warranted.

**CONCLUSION**

Therefore, after careful consideration and for the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Administrative Record, or, in the Alternative, for Summary Judgment on Count I of Plaintiffs' Complaint (ECF No. 246) is **GRANTED** as follows: Count I of Chibnall II is dismissed pursuant to *Thompson*.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Judgment on the Administrative Record (ECF No. 250) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Dismiss Counts II-V of Plaintiffs' Complaint (in Chibnall II) (ECF No. 223) is **DENIED** without prejudice in light of this Order.

**IT IS FINALLY ORDERED** that, according to the Case Management Order (ECF No. 239), any dispositive motion on Count I of Chibnall I shall be filed no later than ninety (90) days following entry of this Order.

**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 20th day of August 2026.